JOHN M. HIGGINS *v.* WILLIE HARMON, ET AL.

**Trust Estate—Deed of Trust.**

> One who conveys to "A" a parcel of real estate in trust for "A's" wife, and consents to look to "A" individually for the purchase money, and accepted his individual notes therefor, must abide by that arrangement, and cannot reach the trust estate. An assignee of such notes is in no better position than his assignor.

APPEAL FROM CALDWELL CIRCUIT COURT.

October 6, 1877.

OPINION BY JUDGE COFER:

In the deed, W. P. Harman is not only styled trustee for Elizabeth Harmon, but the land is therein expressly conveyed to him in trust for her separate use. No lien is retained in the deed, but the payment of the whole consideration is expressly acknowledged.

It is true the purchase money was not actually paid, but Calvert, by omitting to retain a lien and accepting the individual notes of W. B. Harmon, waived all right to look to the land or to Mrs. Harmon for the unpaid purchase money, just as effectually as if he had accepted the notes of any other individual.

It may be true that under some circumstances a trust estate may be liable for debts created by the trustee on account of the trust, but that cannot be the case when, as here, the creditor has conveyed property to the trustee and acknowledged the payment of the pur-

chase money, and taken the trustee's individual note for it, thereby manifesting his intention to look to the individual responsibility of the trustee. To so hold would be to compel the cestui que trust, and not the creditor, to take the risk of indulgence given to the trustee by the latter.

If after the purchase of the land and the execution of the deed and notes Mrs. Harmon had desired to require the trustee to settle his accounts, he would have been entitled to credit for the price of the land, because he could have shown that he had purchased and paid for it by simply exhibiting the deed from Calvert. If, however, as now contended, Calvert's assignee can subject the trust estate to the payment of these notes, he will have compelled Mrs. Harmon to bear all the risk of the failure and insolvency of the trustee, while he occupied the vantage ground of being able to look to Harmon's individual responsibility, and in case that failed to resort to the trust estate.

That W. P. Harmon may have represented to the appellant that the land was bound for the notes cannot affect Mrs. Harmon's rights. It was appellant's duty to know what the facts were, and he had no right to trust the verbal representations of the trustee when they have proved false to compel the cestui que trust to bear the loss, but should have examined the matter for himself, and not having done so he must bear the loss which results from his misplaced confidence.

Mrs. Harmon is not bound to show that she had money in her husband's hands sufficient to pay for the land. The appellant's assignor made the deed to Harmon in trust for his wife, and consented to look to him individually for the purchase money, and it is not material whether Mrs. Harmon had any money or not. Calvert had a right to accept the notes of the trustee, and in consideration therefor to convey the land to him for the benefit of the cestui 'que trust, and having done so his assignee, who can occupy no better position than he did, must abide by that arrangement and cannot reach the trust estate.

This conclusion renders it unnecessary to consider other questions made in argument.

Judgment *affirmed.*

*F. W. Darby,* for appellant. *James R. Hewlett,* for appellees.